## CIRCUIT COURT OF WASHINGTON COUNTY

Bobby Joe Houser

v.

George Houser
and Judy Houser

May 11, 1990

Case No. (Law) 89-46

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file in this matter, including pleadings, exhibits, etc., and have considered same in light of the arguments of counsel made on February 23, 1990, along with the plaintiff's supporting memorandum. The plaintiff filed this lawsuit on March 29, 1989, charging separate counts of malicious prosecution and malicious abuse of process. The defendants have demurred to the motion for judgment stating that the pleadings are insufficient as a matter of law and do not state a claim for which relief can be granted. At the hearing held on February 23, 1990, the court sustained the demurrer to the count for malicious prosecution. After further review, that is still the ruling of the court, and this opinion will address only the malicious abuse of process count. In deciding the question presented, the demurrer, of course, admits the truth of all material facts that are properly pleaded and those which may be fairly inferred from the facts alleged.

The defendants herein are the judgment creditors of the plaintiff having obtained a judgment against him in the amount of $1,850.00, the result of a jury verdict

in a civil suit between the parties had in this court on January 23, 1987. That suit involved the maintenance of a public nuisance by the plaintiff herein on his property which adjoined the property of the defendants herein. That suit did not arise out of or involve the ownership, use, or operation of a motor vehicle. Nevertheless, the defendants herein, apparently being otherwise unsuccessful in collecting the judgment, subsequently filed an abstract of judgment with the Commissioner of the Department of Motor Vehicles pursuant to § 46.2-417 of the Code. By order dated January 23, 1989, the Commissioner suspended the plaintiff's privilege to drive motor vehicles in Virginia. The "Order of Suspension" states as follows:

> We learned that a civil judgment was rendered against you for damages arising out of your ownership, use, or operation of a motor vehicle . . . . Your privilege to drive motor vehicles in Virginia is hereby suspended, effective January 23, 1989, and shall remain suspended until you:
> (1) satisfy the judgment in full, or by installments . . . .

The plaintiff is a truck driver and depends upon driving a truck for a livelihood.

The Supreme Court has noted on several occasions the elements that must be proven in order to sustain a cause of action for the tort of malicious abuse of process. In the case of *Donahoe Construction v. Mount Vernon Association*, 235 Va. 531 (1988), the Supreme Court stated:

> To sustain a cause of action for abuse of process, a plaintiff must plead and prove: (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings . . . .
> The distinctive nature of malicious abuse of process lies in the perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended . . . .
> A legitimate use of process to its authorized conclusion, even when carried out with bad in-

tention, is not a malicious abuse of that process
. . . .

> Process is maliciously abused when it is used oppressively, e.g., as a "whip to force the payment of an alleged indebtedness" . . . or as a means of extortion . . . . The gravamen of the tort lies in the abuse or the perversion of the process after it has been issued. Consequently, it is not necessary to allege or prove that the process was maliciously issued . . . .

> [M]alicious prosecution differs from abuse of process in that malicious prosecution lies for maliciously causing process to issue while abuse of process lies for the improper use of process after it has been issued.

The defendants contend that since the initial law suit was properly instituted and resulted in a jury verdict in their favor, that the submission of the abstract to the Department of Motor Vehicles was for the legitimate purpose of collecting a valid judgment and that, therefore, the department is liable for any improper suspension and damages to the plaintiff. The defendants rely upon the case of *Susan Tomai-Minogue v. State Farm Mutual Automobile Insurance Company*, 770 F.2d 1228 (4th Cir. 1985). In that case, a Virginia motorist's operator's permit was suspended by the Virginia Commissioner of Motor Vehicles at the request of the insurer for failure to satisfy an automobile accident judgment entered against her in Maryland in favor of the insurer as subrogee of their insured. At the time judgment was rendered against Tomai-Minogue in Maryland, the court there had not acquired personal jurisdiction over her, thus rendering the judgment void. Upon learning this fact, State Farm had the Maryland judgment vacated and requested the Virginia Department of Motor Vehicles to reinstate Tomai-Minogue's license. Tomai-Minogue brought suit in the federal court under § 1983 and state claims for malicious prosecution and abuse of process. At the conclusion of plaintiff's evidence, the district court granted defendant's motion for a directed verdict, and the Fourth Circuit Court of Appeals affirmed. The court stated:

The essential elements of abuse of process are: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular course of the proceeding . . . .

State Farm's objective in bringing a civil suit in Maryland and then requesting suspension of plaintiff's license in Virginia was to compel payment of plaintiff's debt. This is precisely the purpose of the state procedures in question. Civil process designed to aid debt collection may be employed for the object contemplated by law without incurring the threat of an abuse of process suit . . . .

I believe the defendant's reliance upon this case is misplaced as pertains to the facts pleaded in the case at bar. The judgment rendered by the Maryland court against Tomai-Minogue, albeit without personal jurisdiction, clearly arose out of the operation and use of an automobile. The Code of Virginia, § 46.2-417, clearly provides a means for judgment creditors in automobile accidents for collection of their judgments. Thus, the abstract of judgment issued in that case and forwarded to the Department of Motor Vehicles was a process that was "proper in the regular course of the proceeding." Had the judgment rendered in Maryland been a valid one, Tomai-Minogue's operator's license would have been validly suspended and remained so until the judgment was paid. There was no misapplication of the process after it was issued. On the other hand, in the case at bar, the defendants had the abstract of judgment issued and sent to the Department of Motor Vehicles for the purpose of collecting a judgment obtained some three years ago in a suit that did not involve an automobile accident nor the use or operation of an automobile. The defendants had numerous options to pursue in the collection of their judgment and perhaps explored them all before opting to utilize the method herein complained of. The question, of course, is whether such method was a perversion of the process. As noted in the *Donahoe Construction* case, *supra*:

The gravamen of the tort lies in the abuse

356

or the perversion of the process after it has been issued . . . .

To pervert something means to turn from the true end or proper purpose or to misapply. (Webster's New Standard Dictionary) The forwarding of an abstract of judgment to the Commissioner of the Department of Motor Vehicles to facilitate the collection of a debt is not authorized nor contemplated by the statute except in automobile accident cases. I believe a fact finder could properly conclude that the application of this process did constitute an abuse or perversion of same. I will overrule the demurrer on the abuse of process count.